UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60425
Summary Calendar
_____

TOM GLASGOW; SHERON GLASGOW,

Plaintiffs,

TOM GLASGOW,

Plaintiff-Appellant,

versus

THE SHERWIN-WILLIAMS COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:94-CV-126-S-D)
_____
May 29, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Tom Glasgow was terminated by Sherwin-Williams Company after working there for nearly 30 years. He asserts that the company's alleged basis for his termination -- that he sexually harassed an employee and threatened two other employees with a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knife during a national sales meeting -- was a pretext for age discrimination. The district court rendered summary judgment against him on the age discrimination and related state court and contract claims, and he has appealed. Finding no error, we affirm.

Glasgow denies that he engaged in gross and intimidating conduct toward fellow male and female employees during the 1992 and 1993 sales meetings that they described. Notwithstanding his denials, the company credited his accusers and discharged him. Apart from his assertion that the incidents did not occur, or did not occur in the way others have described, Glasgow has no evidence that he was terminated because of his age. He asserts that two considerably younger employees also engaged in improper conduct but were not disciplined. The district court found, however, that these incidents were distinguishable, because the other employees' misconduct occurred when they were outside the company surroundings and on their own. The district court's distinction is a sensible one under these circumstances.

Glasgow contends that this court, alone among the federal circuits, applies the wrong test to determine whether a discrimination claim will go to the jury. Whether or not that is true, the district court here correctly applied our court's test, articulated in Rhodes v. Guiberson Oil Tools, 75 F.3d 989 (5th Cir. 1996) (en banc), that an age discrimination plaintiff can only avoid summary judgment upon proof (1) creating a fact issue as to whether each of the employer's stated reasons actually motivated

his discharge; and (2) creating a reasonable inference that age was a determinative factor in the discharge.  <u>Rhodes</u>, 75 F.3d at 944. Neither the treatment of the non-similarly situated but younger employees, nor the "stray remarks" attributed to Sherwin-Williams executives at some unspecified point in the past were sufficient to create a fact issue as to whether Glasgow was terminated because of his age.

Glasgow also contests the district court's rejection of his claims based on wrongful termination, intentional or negligent infliction of emotional distress, and invasion of privacy under Mississippi law.  The district court's able analysis leaves little for us to add.

For the foregoing reasons, the judgment of the district court is <u>AFFIRMED</u>.